Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| G & G Closed Circuit Events, LLC, | Case No.: |
|---|---|
| Plaintiff, | |
| | COMPLAINT |
| vs. | |
| Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff, individually and d/b/a 11.11 a/k/a 11.11 Nightclub; and Int'l Entertainment Group, LLC, an unknown business entity d/b/a 11.11 a/k/a 11.11 Nightclub, | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications

1. Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq*.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Arizona, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Arizona (28 U.S.C. § 1391(b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Phoenix Division of the District of Arizona is proper because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County and/or, the United States District Court for the District of Arizona has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.  Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.  At all times relevant hereto, including on July 29, 2023, Defendant Int'l Entertainment Group LLC was an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as 11.11 a/k/a 11.11 Nightclub operating at 4280 N. Drinkwater Blvd #100, Scottsdale AZ 85251.

8.  At all times relevant hereto, including on Saturday, July 29, 2023, Defendant Int'l Entertainment Group LLC was the owner of the Arizona Department of Liquor Licenses & Control issued for 11.11 a/k/a 11.11 Nightclub. (06070669).

9.  At all times relevant hereto, including on Saturday, July 29, 2023, Defendant Dharyl Shelbourne was specifically identified on the Arizona Corporation Commission records for Int'l Entertainment Group LLC (23362492) as a Manager and Member of Int'l Entertainment Group LLC, which owns and operates the commercial establishment doing business as 11.11 a/k/a 11.11 Nightclub operating at 4280 N. Drinkwater Blvd #100, Scottsdale AZ 85251.

10. At all times relevant hereto, including on Saturday, July 29, 2023, Defendant Corey Wallace was specifically identified on the Arizona Corporation Commission records for Int'l Entertainment Group LLC (23362492) as a Manager and Member of Int'l Entertainment Group LLC, which owns and operates the commercial establishment doing business as 11.11 a/k/a 11.11 Nightclub operating at 4280 N. Drinkwater Blvd #100, Scottsdale AZ 85251.

11. At all times relevant hereto, including on Saturday, July 29, 2023, Defendant Kevin Ratliff was specifically identified on the Arizona Corporation Commission records for Int'l Entertainment Group LLC (23362492) as a Manager and Member of Int'l Entertainment Group LLC, which owns and operates the commercial establishment doing business as 11.11 a/k/a 11.11 Nightclub operating at 4280 N. Drinkwater Blvd #100, Scottsdale AZ 85251.

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Dharyl Shelbourne had the right and ability to supervise the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Corey Wallace had the right and ability to supervise the activities of 11.11 a/k/a

11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

14.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Kevin Ratliff had the right and ability to supervise the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

15.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Dharyl Shelbourne, as a Manager and Member of Int'l Entertainment Group, LLC, had the obligation to supervise the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that 11.11 a/k/a 11.11 Nightclub operated lawfully at all times.

16.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Corey Wallace, as a Manager and Member of Int'l Entertainment Group, LLC, had the obligation to supervise the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and,

among other responsibilities, had the obligation to ensure that 11.11 a/k/a 11.11 Nightclub operated lawfully at all times.

17.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendant Kevin Ratliff, as a Manager and Member of Int'l Entertainment Group, LLC, had the obligation to supervise the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that 11.11 a/k/a 11.11 Nightclub operated lawfully at all times.

18.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 26), Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff specifically directed or permitted the employees of 11.11 a/k/a 11.11 Nightclub to unlawfully intercept, receive, and publish Plaintiff's *Program* at 11.11 a/k/a 11.11 Nightclub, or intentionally intercepted, received, and published the *Program* at 11.11 a/k/a 11.11 Nightclub themselves. The actions of the employees of 11.11 a/k/a 11.11 Nightclub are directly imputable to Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff by virtue of their acknowledged responsibility for the operation of 11.11 a/k/a 11.11 Nightclub.

19.     Plaintiff is informed and believes, and alleges thereon that on Saturday, July 29, 2023, Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff, as Managers and Members of Int'l Entertainment Group, LLC, had an obvious and direct financial interest

in the activities of 11.11 a/k/a 11.11 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program*.

20. Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff resulted in increased profits for 11.11 a/k/a 11.11 Nightclub.

21. On Saturday, July 29, 2023 (the night of the Program at issue herein, as more specifically defined in Paragraph 26), 11.11 a/k/a 11.11 Nightclub sold food and beverages to its patrons.

22. On Saturday, July 29, 2023, (the night of the Program at issue herein, as more specifically defined in Paragraph 26), 11.11 a/k/a 11.11 Nightclub broadcast the *Program* on two (2) televisions in the establishment while patrons of the establishment were present.

23. The commercial fee for an establishment the size of 11.11 a/k/a 11.11 Nightclub to broadcast the *Program* lawfully was $2,300.00. Neither Defendants nor anyone acting on their behalf paid this fee to Plaintiff.

24. Defendants advertised that the Program would be shown at 11.11 a/k/a 11.11 Nightclub on the public Instagram page for 11.11 a/k/a 11.11 Nightclub.

# COUNT I

### (Violation of Title 47 U.S.C. Section 605)

25.    Plaintiff G & G Closed Circuit Events, LLC , hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Errol Spence Jr. v. Terence Crawford Championship Fight Program,* telecast nationwide on Saturday, July 29, 2023 (this included all under-card bouts and fight commentary, encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

27.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

28.    The *Program* could only be exhibited in a commercial establishment in Arizona if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

29.    As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing,

advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

30. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

31. On Saturday, July 29, 2023, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* at 11.11 a/k/a 11.11 Nightclub. Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within 11.11 a/k/a 11.11 Nightclub.

32. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-25 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Scottsdale, Arizona located at 4280 N. Drinkwater Blvd #100, Scottsdale AZ 85251.

33. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

34. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

35. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff, contributorily or vicariously.

36. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

37. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

    (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

38.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-37, inclusive, as though set forth herein at length.

39.   47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

40.   The unauthorized interception and receipt of the Program by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

41.   By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendants Dharyl Shelbourne, Corey Wallace, and Kevin Ratliff, contributorily or vicariously.

42.   By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC , has the private right of action pursuant to Title 47 U.S.C. Section 553.

43.   As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a)   Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b)   Statutory damages for each willful violation in an amount to

$50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

(c) The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

(d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Date: May 3, 2024 | */s/Thomas P. Riley*<br>**LAW OFFICES OF THOMAS P. RILEY, P.C.**<br>By: Thomas P. Riley<br>G & G Closed Circuit Events, LLC |